IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NICHOLAS L. RUSK, # 380505, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:25-cv-00763 |
| J. LOWER, *et al.*, | ) ) Judge Richardson |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nicholas Rusk, who is in the custody of the Tazewell County Jail in Pekin, Illinois, filed a pro se complaint alleging violations of his civil rights. (Doc. No. 1). Upon review of the Complaint, the court finds that venue in this district is improper and that the case should be transferred to the United States District Court for the Central District of Illinois.

Under the federal venue statute, 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) if there is no other district in which the plaintiff may bring the action, a district where any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). A court considering the issue of venue must initially determine whether the district in which it sits meets any of these three descriptions. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). "If it does, venue is proper," though the court in its discretion may still dismiss or transfer the case in the interest of justice and for the sake of convenience of parties and witnesses under 28 U.S.C. § 1404(a), "a codification of the doctrine of *forum non conveniens*." *Id.* at 56, 60. "[I]f it does not, venue is

improper, and the case must be dismissed or transferred under § 1406(a)," *id.* at 56, which prescribes this outcome for "a case laying venue in the wrong division or district." 28 U.S.C. § 1406(a).

Venue is not proper in this district under Section 1391(b)(1). The Complaint names two Defendants: Tazwell County Jail Superintendent J. Lower and "Cident Text Behind Scam Artis / CIA." (Doc. No. 1 at 2). Plaintiff does not identify the Defendants' states of residency, but he reports that Superintendent Lower is employed at the Tazewell County Sheriff's Department in Pekin, Illinois. (*Id.*) There is no indication that Superintendent Lower resides in Tennessee.[1] Nor is venue proper in this district under Section 1391(b)(2), because Plaintiff does not allege that any events giving rise to his claims—let alone a substantial part of the events—occurred in the Middle District of Tennessee.

This action could have been brought in the Central District of Illinois, where Tazwell County is located. *See* 28 U.S.C. § 93(b). Plaintiff's Complaint challenges the mail policy at the Tazwell County Jail. (Doc. No. 1 at 4−6). Thus, a substantial part of the events giving rise to the claim occurred in the Central District of Illinois, so venue is proper there. 28 U.S.C. § 1391(b)(2).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transfer of this action is not in the interest of justice. Plaintiff brought this action in the Middle District of Tennessee despite

---

[1] The Court assumes for purposes of this Order that Defendant "Cident Text Behind Scam Artis / CIA" is an entity with the capacity to be sued in its common name. *See* 28 U.S.C. § 1391(c)(2) (defining residency for such entities for venue purposes). The Court need not determine whether this entity is resides in the Middle District of Tennessee for venue purposes, because there is no indication that Defendant Lower resides in Tennessee. *See* 28 U.S.C. § 1391(b)(1) (providing that venue is proper in "a judicial district in which any defendant resides, if **all** defendants are residents of the State in which the district is located" (emphasis added)).

no connection between this district and the parties or the events underlying the suit. The only apparent reason for his decision to file suit here instead of the Central District of Illinois is his belief that "it is very prejudice in IL." (Doc. No. 1 at 15). Plaintiff may not disregard the federal venue statute and take his pick of the federal judicial districts merely because he is dissatisfied with his outcomes in the district where his suit should have been brought.[2]

Accordingly, this action is **DISMISSED** without prejudice because venue does not lie in this Court. *See* 28 U.S.C. §§ 1391(b), 1406(a). Nothing in this Order shall prevent Plaintiff from bringing suit in a district where venue is proper. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) is **DENIED** as moot.

This is the final order in this action. The Clerk is directed to enter judgment under Rule 58 of the Federal Rule of Civil Procedure and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] The Central District of Illinois has found in multiple cases that 28 U.S.C. § 1915(g) bars Plaintiff from proceeding without prepayment of fees because he had previously brought three or more actions that were dismissed as frivolous, malicious, or failing to state a claim. *See, e.g.*, *Rusk v. Stempeski*, No. 3:25-cv-03167, Doc. No. 13 at 2−3 (C.D. Ill. Oct. 7, 2025); *Rusk v. Nuronni*, No. 3:25-cv-03186, Doc. No. 10 at 1−2 (C.D. Ill. July 2, 2025); *Rusk v. Johnson*, No. 1:25-cv-01232, Doc. No. 9 at 1−2 (C.D. Ill. June 11, 2025).